IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| IN RE: SHAWN MICHAEL HUMES and SHIRLEY JEAN HUMES, <br><br> Debtors, <br><br> SHAWN MICHAEL HUMES, <br><br> Plaintiff, <br><br> vs. <br><br><br><br> LVNV FUNDING, L.L.C. and HOSTO, BUCHAN, PRATER & LAWRENCE, P.L.L.C., <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br> No. 3:13-cv-00179-SWW <br> (No. 3:10-bk-12140 E) <br> (No. 3-11-ap-01016) |

## ORDER

On January 28, 2011, Shawn Michael Humes filed an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Arkansas against LVNV Funding, L.L.C. (LVNV), and Hosto, Buchan, Prater & Lawrence, P.L.L.C. (Hosto). The Bankruptcy Court held a trial on Humes's claims on January 11, 2013.

On July 17, 2013, the Bankruptcy Court submitted proposed findings of fact and conclusions of law for this Court's review with respect to Humes's non-core claims. There have been no objections to the Bankruptcy Court's proposed findings of fact and conclusions of law and the time for doing so has passed. See *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009) (the failure to file objections to

bankruptcy judge's proposed findings of fact and conclusions of law eliminates not only the need for *de novo* review, but *any* review by the district court) (citing Fed.R.Bankr.P. 9033). Having considered the matter, the Court makes the following factual findings and legal conclusions on Humes's non-core claims:

> (i) Hosto violated 15 U.S.C. § 1692e or, alternatively, 15 U.S.C. § 1692f of the Fair Debt Collection Practices Act and is liable for $10,000 in actual damages, $1,000 in statutory damages, costs, and attorney's fees.
>
> (ii) LVNV, through Hosto, its agent, breached a modified contract with Humes. Hosto committed the torts of fraud and misrepresentation. However, Humes is not entitled to additional damages based on these claims.
>
> (iii) Humes's remaining non-core claims fail as a matter of law or are not supported by the evidence.

Accordingly, the Court adopts in full the Bankruptcy Court's proposed findings of fact and conclusions of law with respect to Humes's non-core claims and will enter final Judgment accordingly. Humes's counsel will have fourteen (14) days from the date of entry of this Court's final Judgment in which to submit an application to the Bankruptcy Court, itemizing Humes's costs and attorney's fees. The Bankruptcy Court will then review the application and submit its review as a proposal to this Court to be added to the final Judgment, if accepted.

IT IS SO ORDERED this 7th day of August 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE