IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| IN RE: SHAWN MICHAEL HUMES and SHIRLEY JEAN HUMES,<br><br>Debtors,<br><br><br>SHAWN MICHAEL HUMES,<br><br>Plaintiff,<br><br>vs.<br><br><br><br><br>LVNV FUNDING, L.L.C. and HOSTO, BUCHAN, PRATER & LAWRENCE, P.L.L.C.,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*    No. 3:13-cv-00179-SWW<br>(No. 3:10-bk-12140 E)<br>(No. 3-11-ap-01016) |

ORDER

On January 28, 2011, Plaintiff Shawn Michael Humes filed an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Arkansas against LVNV Funding, L.L.C. (LVNV), and Hosto, Buchan, Prater & Lawrence, P.L.L.C. (Hosto) (collectively, Defendants), asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.*, the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501 *et seq.*, and the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 *et seq.* Plaintiff also asserted claims for breach of contract, fraud, and misrepresentation, and sought disallowance of LVNV's proof of claim and avoidance of any lien Defendants may have obtained. The Bankruptcy Court

held a trial in this complex action on January 11, 2013.

On July 17, 2013, the Bankruptcy Court issued a comprehensive 52-page Memorandum Opinion as to Plaintiff's core claims and proposed findings of fact and conclusions of law for this Court's review with respect to Plaintiff's non-core claims. There were no objections to the Bankruptcy Court's proposed findings of fact and conclusions of law and the Court, by order entered August 7, 2013 [doc.#2], made the following factual findings and legal conclusions on Plaintiff's non-core claims:

> (i) Hosto violated 15 U.S.C. § 1692e or, alternatively, 15 U.S.C. § 1692f of the Fair Debt Collection Practices Act and is liable for $10,000 in actual damages, $1,000 in statutory damages, costs, and attorney's fees.
>
> (ii) LVNV, through Hosto, its agent, breached a modified contract with Plaintiff.  Hosto committed the torts of fraud and misrepresentation.  However, Plaintiff is not entitled to additional damages based on these claims.
>
> (iii) Plaintiff's remaining non-core claims fail as a matter of law or are not supported by the evidence.

The Court adopted in full the Bankruptcy Court's proposed findings of fact and conclusions of law with respect to Plaintiff's non-core claims and entered final Judgment accordingly [doc.#3].  The Court gave Plaintiff's counsel fourteen (14) days from the date of entry of the Court's final Judgment in which to submit an application to the Bankruptcy Court itemizing Plaintiff's costs and attorney's fees.  The Court noted that the Bankruptcy Court would then review the application and submit its review as a proposal to this Court.

Now before the Court is the Bankruptcy Court's proposed order granting

Plaintiff's application for attorney fees and costs [doc.#5]. The Bankruptcy Court proposes that $72,411.70 in attorney fees and $2,107.99 in costs be entered against Hosto and added to the final Judgment entered by this Court on August 7, 2013. Defendants have filed objections [doc.#4] to the Bankruptcy Court's proposed order, and Plaintiff has filed a response [doc.#6] to Defendants' objections.

      Having carefully made a *de novo* review of the relevant record, the Court adopts in full the Bankruptcy Court's proposed order granting Plaintiff's application for attorney fees and costs.[1] The Court finds that (1) Plaintiff's counsel charged a rate deemed reasonable by this Court and other courts applying the lodestar method, (2) Plaintiff's counsel did not engage in duplicative work but divided the same between them, (3) Plaintiff's counsel kept detailed records of their time spent on the prosecution of this case, and (4) therefore, the Plaintiff's fee application is reasonable and should be granted in its entirety. Accordingly, in addition to the amounts awarded in the Court's final Judgment entered August 7, 3013 [doc.#3], Plaintiff is hereby awarded from Hosto attorney's fees in the amount of $72,411.70 and costs in the amount of $2,107.99.

      IT IS SO ORDERED this 28th day of January 2014.
/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] In addition to reviewing Defendants' objections to the Bankruptcy Court's proposed order and Plaintiff's response to Defendants' objections, both of which have been filed in this Court, the Court has reviewed the record in the Bankruptcy Court, including (but not limited to) Plaintiff's Amended Application for Approval of Cumulative Compensation for Attorney Fees and Costs to be Paid by Defendants [Bnkr.doc.#76], Defendants' Response in Opposition to Fee Request of Counsel for Plaintiff [Bnkr.doc.#77], Plaintiff's Reply to Defendants' Response [Bnkr.doc.#80], and the transcript of the trial [Bnkr.doc.#69].